UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

In re:

Chisholm B. Alexander            Case No. 11-33229
                                         Chapter 13
            Debtor.                    Hon. Daniel S. Opperman
_____/

## CHAPTER 13 PLAN OF REORGANIZATION

[x] Original     [ ] Pre-Confirmation    [ ] Post-Confirmation
                               Modification # _____    Modification # _____

The term "Debtor(s)" refers to the person or both persons who filed the petition for relief in this case.

### 1. NOTICE TO CREDITORS AND ANY PARTY IN INTEREST:

You have been named as a creditor or party in interest by the above Debtor(s) who proposes this Chapter 13 Plan of Reorganization that may affect your rights.

You should read this plan carefully and consult with your attorney. Confirmation of this Plan by the Bankruptcy Court may modify your rights by allowing payment of less than the full amount of your claim, and bind you and the Debtor(s) to the terms of this Plan.

If you oppose any provisions of this Plan you must file a written Objection to Confirmation of this Plan by the deadline fixed by Court Rules or a Court Order. (See L.B.R.3015-3(E.D.M.))

If you have a claim you need to file a Proof of Claim with the Bankruptcy Clerk by the claims deadline.

### 2. FUNDING OF PLAN

The future earnings of the Debtor(s) shall be submitted to the supervision and control of the Trustee who shall receive payments for a term of:

      [ X] 3 years; [ ] 5 years; or [ ] _____ months.

Not later than 30 days after the filing of the order for relief, the Debtor(s) shall begin making periodic payments to the Trustee as follows:

      [ ] $ ____ weekly;     [ ] $ _____ every two weeks;    [ X] $ <u>125.00</u> monthly; [ ] $ _____ twice per month.

Additionally, the Debtor(s) commits for payment into the Plan:

[ ] 100%; [ ] 50%; but not less than $0.00.

each year of all future income tax refunds to which the Debtor(s) is entitled during the duration of the Plan and the Debtor(s) shall not alter any withholding exemptions without first obtaining approval from the Trustee.

[X] Other funding provisions of the Plan are as follows:
Mortgage payments shall be paid by the co-debtor Genevieve Alexander.

### 3. DISBURSEMENTS

From the funds received by the Debtor, and after confirmation of the Plan or as otherwise authorized by the Court or Court Rules, the Trustee shall make disbursements as described in those categories that are checked below and in the order presented as follows:

[ ] **3(A); Domestic Support Obligation(s), entitled to priority status per 11 U.S.C. §507(a)(1)(A), pursuant to attached EXHIBIT A.**

[ ] **3(B); Pre and Post Confirmation Adequate Protection Payments       pursuant to attached EXHIBIT B.**

[x] **3(C); Administrative Expense Claims.**

The Trustee shall pay any unpaid filing fees due the Clerk. Then the Trustee shall be paid a percentage fee as determined by the United States Trustee for disbursements under this Plan.

The court approved fees and expenses of the attorney for the Debtor(s) shall be paid by the Trustee from any funds remaining after the monthly disbursement for post-confirmation Adequate Protection Payments, if any.

Post-confirmation attorney fees and expenses for the Debtor(s) shall be approved by the court and paid as an Administrative Expense in the same manner as pre-confirmation attorney fees and expenses by resuming the applicable post-confirmation Adequate Protection Payment provision of this Plan until paid in full.

[ ] **3(D); Other Payment Provisions for Domestic Support Obligation(s) pursuant to attached EXHIBIT D.**

[ ] **3(E); Secured Claims - Mortgage or Executory Contracts on    Real Property pursuant to attached EXHIBIT E.**

[ ] **3(F); Pre-Petition Arrears - Mortgage or Executory Contracts on Real Property pursuant to attached EXHIBIT F**

[ ] **3(G); General Provisions Applicable to Personal Property      Secured Claims, Executory Contracts or Unexpired Leases as    recited on EXHIBIT G.**

[ ] **3(H); Secured Claims – Purchase Money Security Interest in Motor Vehicles incurred within 910 days prior to the petition filing date and/or other collateral incurred during the one year period preceding the petition filing date pursuant to attached EXHIBIT H.**

[ ] **3(I); Other Secured Claims pursuant to attached EXHIBIT I.**

{00107841}

[ ]   3(J); Executory Contracts or Unexpired Leases on Personal    Property pursuant to attached EXHIBIT J.

[ ]   3(K); Special Unsecured Claims pursuant to attached EXHIBIT K.

[X]   3(L); Priority Unsecured Claims other than a Domestic Support Obligation.

All claims entitled to priority status pursuant to 11 U.S.C. §507, other than a Domestic Support Obligation, shall be paid in full through the Plan in deferred cash payments if a proof of claim has been timely filed, and shall be paid pro rata, but subsequent to the payment of Administrative Expense Claims, Domestic Support Obligation claim(s), and the monthly payments to Secured Claim(s), Other Secured Claim(s), executory contract or unexpired lease holders, Special Unsecured Claims, and pre-petition arrears claims(s), if any.

[x]  3(M); General Non-Priority Unsecured Claims

After payment of all claims described above, the Trustee shall disburse on a pro-rata basis any remaining funds to general non-priority unsecured creditors whose claims are timely filed.

An estimate of the percentage dividend to be paid to general non-priority unsecured creditors is shown on the attached worksheet. The present value of the amount to be distributed to general non-priority unsecured creditors through this Plan is not less than the amount that would be paid on such claims if the estate of the debtor were liquidated under a Chapter 7 proceeding, as shown in the liquidation analysis set forth at the end of the Plan. (See L.B.R. 3015-1(b)(E.D.M.))

If the liquidation analysis demonstrates that general non-priority unsecured claims would be paid 100% in a hypothetical Chapter 7 proceeding, such general non-priority unsecured claims shall receive an additional 5% annual interest during the term of the Plan until paid in full.

## 4. GENERAL PROVISIONS:

### 4(A); Effective Date and Plan Completion.

The Effective Date of this Plan shall be the date of confirmation. This plan shall be complete when the trustee has received all of the payments required by this plan, regardless of the percentage of recovery creditors might have received.

### 4(B); Model Plan Exceptions.

This Plan is identical to the standard Chapter 13 Model Plan adopted for use in the Eastern District of Michigan in all respects except as follows: Primary payment of the mortgage and arrears shall be paid by Genevieve Alexander.

### 4(C); Unscheduled Creditors Filing Claims.

If a creditor's claim is not listed in the Debtor(s) schedules, but the creditor nonetheless timely files a proof of claim, the Trustee is authorized to classify the claim into one of the classes described above, and to pay the claim consistent with that classification.

### 4(D); Post-petition Claims

After the notice requirements of L.B.R. 3015-2(c)(E.D.M.)have been satisfied, any post-petition claim filed under 11 U.S.C. 1305 shall be paid in the same manner that claims of a similar type are paid (e.g.: post-petition tax claims entitled to priority shall be paid as allowed pre-petition priority tax claims; post-petition non-priority unsecured claims will be paid as allowed pre-

{00107841}

petition non-priority unsecured claims, etc.).

### 4(E); Property of the Estate and Disposal of Non-exempt Property.

Upon confirmation of the Plan, all property of the estate shall vest in the Debtor(s), except for the future earnings of the Debtor(s), and other property specifically devoted to the Plan. Further, the Debtor(s) may not dispose of any claimed non-exempt real or personal property without complying with L.B.R. 6004-2(E.D.M.). The Debtor(s) shall remain in possession of all property of the estate unless specifically provided otherwise.

### 4(F); Debtor(s) Duty To Maintain Insurance.

The Debtor(s) shall maintain all insurance required by law and contract upon property of the estate and the Debtor(s) property. Failure by the Debtor(s) to maintain proper insurance coverage could result in a hearing before the Bankruptcy Court by a creditor seeking to enforce their rights which may include remedies such as the lifting of the Stay Order or Dismissal of the case.

### 4(G); Injunction Against Future Indebtedness.

Upon confirmation of this Plan, the Debtor(s) may not, during the Plan's term, incur credit in excess of $1,500.00 without prior consent of the Trustee, except for a student loan to be paid directly by the Debtor(s) outside the Plan, or refinancing of the principal residence or other real estate of the Debtor(s) for the purpose of acquiring funds to pay general unsecured creditors 100% of their timely filed claims through the Plan.

### 4(H); Effect of Orders Lifting Stay on Disbursements.

No disbursement shall be made by the Trustee to any secured creditor for whom the Automatic Stay has been lifted until such time as an amended claim is filed by such creditor.

### 4(I); Tax Return Disclosure.

All of the Debtor(s) tax returns that were due within four years prior to the date of the petition have been filed except as follows:

_____

_____

### 4(J); Prohibition Against Post-petition Tax Set-offs.

Any post-petition tax refund due the Debtor(s) shall not be used by any government agency to set-off any pre-petition obligation of the Debtor(s).

### 4(K); Discharge and Duty of Secured Creditors.

After completion by the Debtor(s) of all payments under this Plan:

(a) the Debtor(s) will receive a discharge of debts; and

(b) any secured creditor whose claim has been fully paid shall execute and deliver to the Debtor(s) such mortgage discharge, release or termination statement as is, or may be, required by law to release any lien secured by property of the Debtor(s). (See L.B.R.2015-5 (E.D.M.))

### 4(L); Debtor Engaged in Business.

[ ] If this box is checked, the Debtor(s) is self-employed, and

[ ] does not; [ ] does incur trade credit in the production of income.

{00107841}

4

The Debtor(s) is aware of the duties required by 11 U.S.C. §1304(b) and (c) regarding the operation of their business and shall comply with the provisions of L.B.R. 3015-1(a)(8) and 2003-2(a)(b) (E.D.M.) unless the Bankruptcy Court orders otherwise.

### 4(M); Other Provisions.

The Plan includes the following additional provision(s):

The claim of the Secured Creditors shall be governed and controlled by an order confirming a plan or stipulation regarding payments (the "GA Plan"), entered in the case of In re: Genevieve Alexander, Case No.: 11-33228. The stay shall continue during the duration of the payments provided herein and the GA Plan. The Trustee shall pay all sums, paid into this Plan, in excess of payments required to pay Trustee fees and administrative expenses, to American Home Mortgage to be applied to the arrearage on the existing mortgage.

Dated:

/s/ Chisholm B. Alexander
CHISHOLM B. ALEXANDER, Debtor

LAMBERT, LESER, ISACKSON,
COOK & GIUNTA, P.C.

    /s/ Keith A. Schofner
By: _____
KEITH A. SCHOFNER (P41852)
916 Washignton Avenue, Suite 309
Bay City, Michigan 48708
Phone: (989) 893-3518

## LIQUIDATION ANALYSIS

If this were a case under Chapter 7, the dividend to unsecured creditors is estimated as follows:

| ITEM | VALUE | LIEN | EQUITY | EXEMPTION | NONEXEMPT |
|---|---|---|---|---|---|
| Residence per §522(d)(1) | $450,000 | $403,000 | $47,000 | 11 U.S.C § 522(d)(1) | $1,875 |
| Motor Vehicles per §522(d)(2) 1997 Mazda | $2,500 | $0 | $2,500 | 11 U.S.C. § 522(d)(2) | $0 |
| Household use property per §522(d)(3) | $1,5550 | $0 | $1,550 | 11 U.S.C. § 5322(d)(3) | $0 |
| Personal Jewelry per §522(d)(4) | $200 | $0 | $200 | 11 U.S.C. § 522(d)(4) | $0 |
| Benefits per §522(d)(10)(A)-(E) | $449.34 per mo | $0 | 100% | 11 U.S.C. § 522(d)(10) | $0 |
| TOTAL | | | | | |

# CHAPTER 13-MODEL WORKSHEET

| PLAN PAYMENTS: | | TOTALS |
|---|---|---|
| PRE-CONFIRMATION: (Multiply) 2 Periodic Payments X | $250.00 | $500.00 |
| POST-CONFIRMATION: (Multiply) $125.00 Periodic Payments X 36 | $4,500.00 | $4,500.00 |
| Estimated Tax Refunds: | ▓▓▓ | $ |
| Other Funding Provisions: Payments pursuant to GA Plan | | $ |
| **TOTAL ESTIMATED PLAN PAYMENTS:** | ▓▓▓ | $5,000.00 |
| **DISBURSEMENTS:** | ▓▓▓ | ▓▓▓ |
| Trustee Fees | $225.00 | ▓▓▓ |
| Attorney Fees | $0.00 | ▓▓▓ |
| House Payments: payments x each | $0.00 | ▓▓▓ |
| Escrow: payments x each | $ | ▓▓▓ |
| Arrearage (including interest): | $4,775.00 | ▓▓▓ |
| **SECURED CLAIMS (INCLUDING INTEREST):** | ▓▓▓ | ▓▓▓ |
| Creditor: | $ | ▓▓▓ |
| Creditor: American Home Mortgage | $403,000.00 | ▓▓▓ |
| Creditor:_____ | $ | ▓▓▓ |
| Creditor:_____ | $ | ▓▓▓ |
| Creditor:_____ | $ | ▓▓▓ |
| **SPECIAL UNSECURED CLAIMS:** | ▓▓▓ | ▓▓▓ |
| Creditor:_____ | $ | ▓▓▓ |
| Creditor:_____ | $ | ▓▓▓ |

| | | |
|---|---|---|
| Creditor: _____ | $ | |
| **TOTAL ADMINISTRATIVE, SECURED AND SPECIAL CLAIMS:** | | $403,225.00 |
| **ESTIMATED FUNDS FOR UNSECURED CLAIMS:** | | $ 0.00 |
| Priority Claims Per Schedule "E" | | $0.00 |
| Estimated Funds for Non-Priority Unsecured Claims | | $ |
| Unsecured Claims Per Schedule "F" | $0.00 | |
| Secured Deficiency Claims | $ 33,000.00 | $ 33,000.00 |
| Total Non-Priority Unsecured Claims | | $0 |
| **ESTIMATED PERCENTAGE DIVIDEND TO NON-PRIORITY UNSECURED CLAIMS** | | 0% |

**THIS COMPUTATION OF THE PERCENTAGE DIVIDEND IS AN ESTIMATE ONLY**

Dated: July 14, 2011.   /s/ Chisholm B. Alexander
                        CHISHOLM B. ALEXANDER, Debtor


Dated: July 14, 2011.   LAMBERT, LESER, ISACKSON,
                        COOK & GIUNTA, P.C.

                     By: /s/ Keith A. Schofner
                        KEITH A. SCHOFNER (P41852)
                        Attorneys for Debtor
                        916 Washington Avenue, Ste. 309
                        Bay City, Michigan 48708
                        (989) 893-3518
                        kschofner@lambertleser.com